UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELSEY VIDEL COFFEE,**

       **Petitioner,**

v.                                   **Case No. 6:23-cv-2393-CEM-EJK**
                                          **(6:14-cr-00146-CEM-EJK)**

**UNITED STATES OF AMERICA,**

       **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Kelsey Videl Coffee's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by counsel pursuant to 28 U.S.C. § 2255 and Memorandum in Support of Motion to Vacate ("Memorandum," Doc. 2). Petitioner previously filed a motion pursuant to 28 U.S.C. § 2255, which was denied on the merits on March 3, 2020. *See* Case No. 6:18-cv-988-ACC-EJK, Doc. 17.

According to Petitioner, this action does not constitute a successive § 2255 proceeding because his ground for relief is predicated on *United States v. Taylor*, 142 S. Ct. 2015 (2022)[1] and an order from the United States District Court for the

---

[1] (holding that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause because "it does not require the government to prove that the

Southern District of Florida arresting judgment based on *Taylor*. (Doc. 2 at 4-8). Petitioner argues that his Motion to Vacate raises a new ground that did not exist before his first § 2255 action concluded. (*Id.*).

As explained by the Eleventh Circuit:

> "[T]he phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 943-44, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007)). Specifically, there are "a small subset of unavailable claims that must not be categorized as successive." *Id.* However, those small subset of claims involve previously unavailable "facts," such as the subsequent vacatur of a prior state conviction after the initial federal habeas proceedings concluded. *See id.* at 863-65.

*Feas v. United States*, 701 F. App'x 768, 769–70 (11th Cir. 2017). Courts have held that second § 2255 motions asserting grounds based on new cases are successive and require authorization from the Eleventh Circuit before being filed in the district court. *See, e.g., United States v. Hoehn*, No. 5:11CR46/MW/MAL, 2023 WL 5725594, at *2 (N.D. Fla. Aug. 3, 2023) (holding successive § 2255 motion challenging the same judgment previously challenged fell "within the larger subset of cases for which authorization from the Eleventh Circuit is required" and noting

---

defendant used, attempted to use, or even threatened to use force against another person or his property.").

that "[s]uch authorization would be required even when a defendant asserts that her motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *report and recommendation adopted*, No. 5:11CR46-MW/MAL, 2023 WL 5713708 (N.D. Fla. Sept. 5, 2023); *Pendergrass v. United States*, No. 18-CR-60058-RAR-1, 2023 WL 1466784, at *1 (S.D. Fla. Feb. 1, 2023) ("While *Bruen* is a 'new' development in the law, the 'purported defect' raised by Movant (*i.e.*, the constitutionality of 18 U.S.C. § 922(g)) was available to Movant at the time of the original § 2255 motion and could have been challenged at that time."); *Qazi v. United States*, No. 16-CV-61177, 2022 WL 1908989, at *2 (S.D. Fla. June 3, 2022) ("Qazi's second § 2255 motion, by contrast, is based solely on what he believes to be a change in the law. That is precisely the type of claim that this Court lacks jurisdiction to consider, without prior authorization from the Court of Appeals."). The facts supporting Petitioner's "new" ground were available to him at the time of his initial § 2255 action even though *Taylor* did not issue until after the adjudication of the first action. Consequently, this action is successive, and the Court lacks jurisdiction.

Before Petitioner will be permitted to file a successive § 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and

2255. Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Petitioner should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive § 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a § 2255 motion. Petitioner, in seeking relief in the Court of Appeals, should be cognizant of these provisions.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED** without prejudice.
2. The Clerk of the Court is directed to send Petitioner an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody" form.
3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.
4. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:14-cr-00146-CEM-EJK and to terminate the motion (Criminal Case, Doc. 293) pending in that case.
5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on December 28, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).